Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2016 | **DATE** | October 8, 2002 |
| **CASE TITLE** | Doris James v. Olympus Servicing et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss the complaint is granted as to Counts II, III, IV, V, VI, and VII of the complaint, and the prayer for punitive damages in Count IV is stricken; the motion is denied as to Count I [9-1]. Defendants' motion for a more definite statement as to Count VIII [9-1] is denied. Count VIII is dismissed, with leave to amend.
Plaintiff is granted leave to amend Counts II, III, IV, and VIII. Plaintiff may file an amended complaint by October 22, 2002. On plaintiff's pending motion for class certification, defendants' response is due by November 6, 2002; plaintiff may file a reply by November 20, 2002. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DORIS JAMES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 02 C 2016<br>) |
| OLYMPUS SERVICING, L.P. and<br>OLYMPUS GP LLC, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss Counts I-VII of the complaint and for a more definite statement of Count VIII. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, Doris James, brings this action against defendants Olympus Servicing, L.P. and Olympus GP LLC (collectively, "Olympus"), alleging that Olympus engaged in unlawful debt collection and fraudulent mortgage servicing practices and failed to provide plaintiff with her account history when requested.[1]

The complaint alleges the following facts, which are taken as true for purposes of this motion. In May 2000, plaintiff obtained

---

[1] Plaintiff seeks to represent a class in relation to her claims and has moved for class certification. The parties agreed to stay briefing on that motion pending our ruling on the instant motion to dismiss.



a mortgage loan to refinance various personal debts. In October 2000, servicing of the loan was transferred to Litton Loan Servicing L.P. ("Litton"). On February 2, 2001, Litton sent plaintiff a notice of default. Between February 2, 2001 and April 16, 2001, Litton transferred servicing of the loan to Olympus Servicing.

Between May 21, 2001 and June 25, 2001, Olympus accelerated plaintiff's Note and Mortgage and refused to accept further payment. In August 2001, Olympus caused a foreclosure proceeding to be filed against plaintiff. Plaintiff subsequently reinstated the loan, and the mortgage foreclosure action was dismissed in December 2001.

After accelerating the loan, Olympus assessed late charges against plaintiff and continued sending monthly loan statements. Olympus also assessed attorney's fees. Following reinstatement of the loan, Olympus sent plaintiff notices asserting that she was not maintaining hazard insurance on the property, and also sent a "notice of intent to foreclose." The complaint states that, on information and belief, Olympus took plaintiff's monthly payments and applied them to payment of unnecessary force-placed hazard insurance instead of principal and interest on the mortgage loan. In order to determine the allocation of her payments, in February 2002 plaintiff requested an account history and documentation of all disbursements other than for principal, interest, and late

charges. Olympus failed to acknowledge or respond to this request within 20 business days.

The complaint alleges violations of the Fair Debt Collection Practices Act (the "FDCPA") (Counts I, II, and V), the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFDBPA") (Counts IV and VII), and the Real Estate Settlement Procedures Act (Count VIII). The complaint also seeks restitution (Count VI) and a declaration that Olympus is prohibited from charging post-acceleration late charges (Count III).

Defendants now move to dismiss Counts I-VII of the complaint and for a more definite statement as to Count VIII.

## DISCUSSION

### *Defendants' Motion to Dismiss Counts I-VII*

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir.), cert. denied, 519 U.S. 1008 (1996).

A.  **Monthly Statements (Count I)**

Count I is a claim based on the failure of Olympus to include certain debt collector disclosures[2] required by § 1692e(11) of the FDCPA on the monthly loan statements it sent to plaintiff. Olympus contends that Count I must be dismissed because the disclosures are required only for communications made "in connection with the collection of any debt," 15 U.S.C. § 1292e. Olympus argues that the monthly loan statements, examples of which are attached to the complaint as Exhibit D, merely provided plaintiff a "statement of her account" and did not "'demand' that Ms. James make any payment" and thus were not communications in connection with the collection of a debt. (Memorandum in Support of Motion at 4.)

Olympus relies on Bailey v. Security National Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998), for the proposition that we should focus on whether the communication "demands payment of a debt or merely informs the debtor of the status of her account." (Reply at 4.) In Bailey, the Seventh Circuit held that a letter

---

[2] The FDCPA requires that initial communications from debt collectors include a notice that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. Subsequent communications must include a notice that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

informing the plaintiffs about the current status of an account and future due dates of payment, but not demanding any payment, was not a communication in connection with the collection of any debt. The court noted that the letter did not "'demand' any payment whatsoever, but merely inform[ed] [plaintiffs] about 'the current status' of their account," that the due dates listed in the letter were all prospective, and that the letter did not "even imply that anything owed under [plaintiffs'] forbearance agreement [was] overdue." 154 F.3d at 388-89.

Here, the monthly loan statements Olympus sent to plaintiff clearly refer to "Past Due Installments," (Complaint, Ex. D), and therefore can be construed as communications in connection with the collection of debt. Thus, we conclude, reluctantly, that plaintiff adequately alleges that the monthly statements violated the FDCPA. However, we note that plaintiff's attorneys have obviously ignored the following observation of the Seventh Circuit in Bailey:

> Congress allowed for class actions under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B). No doubt some flagrant abuses by debt collectors are held in check by the collective effort of those who are abused. But the law can be abused just as easily by attorneys who use debtors to allege and test the most minute violations of a concededly intricate statutory scheme. . . . Class actions can benefit plaintiffs by getting a lawyer interested in taking on what individually comes close to a small claims case (no more than $1000 for each transgression, see 15 U.S.C. § 1692k(a)(2)(A)), but litigation is costly to all concerned and uses judicial resources as well. The law would be best served by challenging clear violations rather than scanning for technical missteps that bring minimal relief to the

individual debtor but a possible windfall for the attorney.

Bailey, 154 F.3d at 388.

### B. Late Charges (Counts II, III, IV)

Counts II and IV of the complaint allege that Olympus violated the FDCPA and the CFDBPA by assessing late charges after plaintiff's loan was accelerated. Count III seeks a declaration that Olympus is not entitled to collect post-acceleration late charges under the terms of the Note or Mortgage. Olympus asserts that these claims must be dismissed because plaintiff merely alleges that the late charges were assessed "after" acceleration (which could encompass periods of time after reinstatement as well), not *while* the loan was accelerated and *prior to* reinstatement.

Plaintiff characterizes defendants' argument as a "quibble with the wording" of the complaint. (Response at 9.) However, whether plaintiff has stated viable claims based on late charges depends upon exactly when those charges were assessed in relation to the acceleration and reinstatement of the loan. In addition to failing to specify when plaintiff's loan was reinstated, the complaint also fails to specify exactly when the allegedly unlawful late charges were assessed. Accordingly, Counts II, III, and IV of the complaint are dismissed. Plaintiff is granted leave to amend the complaint to set forth these specific allegations.

C.  **Attorney's Fees (Counts V, VI, and VII)**

Counts V and VII of the complaint allege that Olympus violated the FDCPA and the CFDBPA by "adding attorney's fees, legal fees, and related expenses to the borrower's account" when those fees were not awarded or approved by a court. (Complaint, ¶¶ 69, 78, 86.) Count VI seeks restitution for, or cancellation of, those fees. Olympus contends that Counts V-VII do not state a claim because the legal fees were authorized by the Note and Mortgage, and Illinois law does not prohibit a party from contractually assessing attorney's fees without a court award.

The Note and Mortgage in this case clearly authorize the assessment of reasonable attorney's fees incurred in relation to enforcing the Note and Mortgage. The Note states, "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." (Complaint, Ex. A, Note, ¶ 6(E).) The Mortgage provides that in the event of a default by the Borrower, the Lender may pay for whatever is necessary to protect the value of the property, including appearing in court and paying reasonable attorney's fees, and that these payments shall become additional debt of the Borrower. (Complaint, Ex. B, Mortgage, ¶ 7.) In the section titled "Acceleration; Remedies,"

the Mortgage also states: "Lender shall be entitled to collect expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorney's fees and cost of title evidence." (Complaint, Ex. B, Mortgage, ¶ 21.)

Plaintiff does not dispute that the Note and Mortgage authorize reasonable attorney's fees, and does not allege in the complaint that the amount of attorney's fees was unreasonable, but argues that the assessment of attorney's fees <u>without court approval</u> violates Illinois law and therefore also violates the FDCPA.[3] Plaintiff, however, cites no authority in support of this argument, and our own research revealed none. The cases cited by plaintiff merely stand for the principle that a party seeking to recover attorney's fees that are challenged as unreasonable bears the burden of demonstrating reasonableness. They do not stand for the proposition that Illinois law prohibits the imposition of attorney's fees, pursuant to a contract, without a court order. Accordingly, plaintiff's claims in Counts V-VII for violation of the FDCPA, CFDBPA, and restitution must be dismissed.

---

[3] Section 1692f(1) of the FDCPA prohibits the collection of any amount including any fees or charges incidental to the principal obligation "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

D.  **Punitive Damages (Count IV)**

According to defendants, plaintiff's claim for punitive damages in Count IV for violation of the Illinois CFDBPA must be dismissed because the complaint fails to allege that Olympus acted with actual malice or engaged in similar conduct.  The only allegation that appears to be directed to punitive damages is "Olympus Servicing L.P. engaged in [unfair and deceptive acts] for the purpose of taking advantage of its borrowers."  (Complaint, ¶ 61.)  In response, plaintiff relies on Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."

Under Illinois law, punitive damages are recoverable for violations of the CFDBPA where the fraud is gross or where malice or willfulness are shown.  See Martin v. Heinold Commodities, Inc., 643 N.E.2d 734, 757 (Ill. 1994).  Even under the liberal federal pleading standards, plaintiff must allege one of these aggravating circumstances in order to support her prayer for punitive damages. Count IV does not contain any factual allegations that rise to the level of even a "general" averment of malice or willfulness warranting punitive damages.  Therefore, we strike the prayer for punitive damages in Count IV without prejudice.  Plaintiff is given leave to amend the complaint, if she can, to allege a factual basis for punitive damages.

*Defendants' Motion for a More Definite Statement (Count VIII)*

Defendants argue that they cannot frame a responsive pleading to Count VIII, which attempts to state a claim under § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Section 2605(e) requires that mortgage loan servicers respond to and give certain notices in connection with borrower inquiries. Plaintiff's response is that "[p]laintiff alleges a violation of Olympus' duty under 12 U.S.C. § 2605(e). Nothing more is required." (Response at 12.)

Plaintiff is incorrect. Defendants are entitled to adequate notice of the claim against them so that they can frame a response, and Count VIII does not give them that notice. Count VIII merely includes an incorporation by reference of the factual allegations in paragraphs 1-31, a lengthy quotation from RESPA, and a prayer for damages. It contains no allegations as to what particular conduct of Olympus violated RESPA or how. Therefore, we will dismiss Count VIII instead of requiring a more definite statement. Plaintiff is given leave to amend the complaint to allege, in the RESPA count, what specific acts of Olympus violated the statute.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is granted as to Counts II, III, IV, V, VI, and VII of the complaint, and the prayer for punitive damages in Count IV is stricken. The motion is denied as to Count I. Defendants' motion

for a more definite statement as to Count VIII is denied. Count VIII is dismissed, with leave to amend.

Plaintiff is granted leave to amend Counts II, III, IV, and VIII. Plaintiff may file an amended complaint by October 22, 2002.

On plaintiff's pending motion for class certification, defendants' response is due by November 6, 2002; plaintiff may file a reply by November 20, 2002.

DATE:      October 8, 2002

ENTER:     _____
           John F. Grady, United States District Judge